## IN THE COURT OF APPEALS OF IOWA

No. 18-1512
Filed October 24, 2018

**IN THE INTEREST OF M.L.,**
**Minor Child,**

**I.L., Father,**
    Appellant,

**A.F., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Mark A. Milder of Mark Milder Law Firm, Waverly, for appellant father.

Stephanie A. Sailer of Sailer Law, PLLC, Cedar Falls, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. The mother contends the State failed to prove the grounds for termination by clear and convincing evidence and termination is not in the child's best interests. Both parents request additional time.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The child was born in October 2017 and removed from the parents' care shortly thereafter due to concerns about the parents' mental health and lack of parenting skills. Additionally, there were concerns about the father's difficulty managing his anger and his history of engaging in domestic violence. As a result, the child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(n) (2017) (defining a CINA as a child whose parent's "mental capacity or condition . . . results in the child not receiving adequate care"). Following a permanency hearing in April 2018, the juvenile court entered an order directing the State to file a petition seeking to terminate parental rights, citing the parents' lack of parenting skills and various safety concerns. The termination hearing was held in July 2018, and the juvenile court entered an order terminating the parental rights of both parents pursuant to section 232.116(1)(h) (2018).

The juvenile court may enter an order terminating a parent's rights if clear and convincing evidence shows:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(h). The mother disputes the evidence showing the child could not be returned to her custody at the time of the termination hearing. *See id.* § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing").

The record shows the child could not be returned to the mother's care at the time of the termination hearing. In an order entered April 30, 2018, the juvenile court found:

The parents have limited parenting skills. They have [not] yet been able to sufficiently master much of the parenting necessary to care for a six-month-old child. They are unable to perform many of the daily chores necessary for care of a minor child. The family home continues to be unsafe for a small child. There are various safety concerns that need to be addressed. Unfortunately for the parents, they lack a support system to assist with [the child]'s care. It appears that [the father] will not allow [the mother]'s family to have contact with her or their child due to his dislike of her family. Neither parent is admitting to the domestic violence that occurred in the relationship. [The mother] is now denying a number of the very serious allegations she leveled against [the father] early on in the case concerning his care of the minor child. The Court finds that although both parents are making attempts, their inability to successfully overcome the many problems prevents the likelihood that they will be able to reunify with their child in the next six months.

On May 8, the mother reported that she and the father wanted to terminate their parental rights and requested that their visits with the child end. Although the

parents later changed their minds about terminating their parental rights, they stopped participating in services and visitations in May 2018. The concerns about the parents' ability to safely care for the child continued to persist at the time of the termination hearing. Because these concerns prevent the child's return to the parents' custody, clear and convincing evidence supports termination under section 232.116(1)(h).

The mother also contends termination is not in the child's best interests. In making the best-interests determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The record shows the mother has been unable to improve her parenting skills to provide for the child's physical, mental, and emotional needs. The child would be at risk of harm if returned to the mother's care. The parents previously gave up a child for adoption, and the couple who adopted that child indicated they are willing to adopt the child at issue, which would provide the child with a safe, permanent home. Based on the child's needs, termination is in the child's best interests.

Both parents ask that permanency be delayed for an additional six months to have the child returned to their care. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for an additional six months if it is

determined "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). However, as stated above, delaying permanency is not in the child's best interests. Children are not equipped with pause buttons, and delaying their permanency in favor of the parents is contrary to the children's best interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children").

We affirm the termination of both the mother's and the father's parental rights to the child.

**AFFIRMED ON BOTH APPEALS.**